**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMANY SIMMONDS, | No. 18-56536 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 8:18-cv-01280-JVS-JDE |
| WELLS FARGO BANK, N.A.; DOES, 1-100, inclusive, | ORDER[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 6, 2020[**]
Pasadena, California

Before: BOGGS,[***] IKUTA, and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Amany Simmonds appeals the district court's order denying her motion to remand and granting Wells Fargo's motion to dismiss. We dismiss Simmonds's appeal as moot.

Simmonds's complaint claims only that Wells Fargo violated state laws in recording a "Substitution of Trustee" and a "Notice of Default and Election to Sell under a Deed of Trust" against the real property at issue in this appeal, and requests that these recorded documents be voided, canceled and set aside. Because the property was sold on November 29, 2018, the cancellation of the recorded documents would have no effect. Moreover, Simmonds has waived any claim for damages by asserting in her opening brief on appeal that she is seeking only injunctive relief. Accordingly, Simmonds's appeal is moot. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013). We decline Simmonds's request to issue an advisory opinion regarding whether the recorded notices met state requirements. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016).

The copy of this order shall constitute the mandate of this Court.[1]

**DISMISSED.**

---

[1] Each party shall bear its own costs.